# Roche, Appellant, *v.* Wegge.

*Will—Issue devisavit vel non—Testamentary capacity—Evidence.*

On the trial of an issue devisavit vel non a verdict against the will, will be sustained where the evidence tends to show that the testator was seventy years old at the time he made his will, that he did not understand what property he owned, did not recognize members of his own family, and was manifestly unfit to attend to business.

On the trial of an issue devisavit vel non witnesses who were familiar with the testator and state facts as to his mental condition, may give their opinions as to his mental capacity.

Argued Feb. 24, 1902. Appeal, No. 285, Jan. T., 1901, by plaintiff, from judgment of C. P. Wayne Co., Oct. T., 1900, No. 64, on verdict for defendant in case of John F. Roche v. Mary Wegge and Barbara Slattery. Before McCollum, C. J., Mitchell, Dean, Brown and Mestrezat, JJ. Affirmed.

Issue devisavit vel non. Before Purdy, P. J.

At the trial evidence offered by the contestants showed that the testator was seventy years old when he made his will, that he did not at that time recognize members of his own family, that he did not understand what property he owned, and was manifestly unfit to attend to business.

Verdict and judgment for defendants. Plaintiff appealed.

*Errors assigned* were various rulings on evidence, and the submission of the case to the jury.

*Everett Warren*, of *Willard, Warren & Knapp*, with him *F P. Kimble*, for appellant.

*L. M. Atkinson*, with him *A. T. Searle* and *H. Wilson*, for appellee.

Opinion by Mr. Justice Mestrezat, March 24, 1902:

William Roche resided with his daughter in the village of Hawley, Wayne county, and in December, 1895, at the age of seventy made his will and died four years later. John F. Roche, the only son of the testator, was the principal beneficiary and

the executor named in the will. He was a hotel keeper and lived in the city of Scranton, in another county, and about forty miles distant from Hawley. The will was written in Scranton by direction of the son and by his attorney, and, after its execution, remained in his possession until his father's death. The testator had two daughters, Mrs. Mary Wegge and Mrs. Barbara Slattery. The will was admitted to probate on September 20, 1899, by the register of wills of Wayne county. From the decree of the register admitting the will to probate, the daughters appealed to the orphans' court alleging as the basis of their appeal, testamentary incapacity and undue influence. Testimony was taken by an examiner and after full consideration thereof, the court issued its precept to the common pleas of Wayne county directing an issue to be formed to determine (*a*) whether the decedent, William Roche, was of sound and disposing mind and memory upon December 9, 1895, the date of the execution of the paper above mentioned, purporting to be his last will and testament; and (*b*) whether the execution of the said instrument was the voluntary act of William Roche and not procured by undue influence of John F. Roche and others. In that issue it was directed that John F. Roche, the executor and proponent, be made plaintiff and Mrs. Wegge and Mrs. Slattery, the contestants, be the defendants.

The issues of fact sent for determination to the common pleas were duly tried in that court before a jury resulting in a verdict for the defendants, the contestants,—the jury, by direction of the court, finding specially, on the question raised in each of the two issues. The case was carefully and patiently tried, occupying the time of the court and jury for four days. Reasons for a new trial were filed by the plaintiff and a rule on the defendants was granted to show cause why the verdict should not be set aside and the case should not be retried. After deliberate and very careful consideration for seven months, the learned trial judge refused a new trial and discharged the rule. In his desire for a speedy determination of the cause, the plaintiff entered an appeal to this court nearly five months before a judgment was entered in the court below from which an appeal would lie. He presents forty assignments of error with an argument of seventy-three pages for our consideration.

The case was elaborately and exhaustively tried in the com-

mon pleas.   The record shows that every possible technical objection to the admission of testimony was taken and with so little merit in many of them that counsel did not insist upon a ruling by the court.   The effect was to incumber the record with useless and immaterial matter and to confuse the jury in the hearing and consideration of the case.   The plaintiff certainly has no reason to complain that he was not afforded ample opportunity to meet the issues presented for the consideration of the court and the jury.

We have carefully considered the questions raised by the various assignments of error.   There was sufficient evidence to submit to the jury on the issue of the testator's mental incapacity at the time he executed the will.   This was the principal and controlling question in the case.   His acts, declarations, conduct and age, his unfitness for business, his evident loss of memory and want of knowledge of his property, the circumstances under which the will was drawn and the conduct of the principal beneficiary in its preparation and execution were shown by the testimony which, if believed by the jury, justified a verdict that William Roche on December 9, 1895, had not sufficient mental capacity to make a valid will.   Advancing years brought with them mental infirmities, which unfitted him for making an intelligent distribution of his property.

The competency of the witnesses called by the contestants was disclosed by the witnesses themselves.   They were neighbors of the decedent or had known him intimately for many years.   They were, therefore, in a position to hear him talk and observe his actions and conduct and to note any change in his mind produced by his advanced age.   Before expressing an opinion as to his mental condition, they qualified themselves by stating the facts upon which it was based.   In some instances, possibly for lack of sufficient facts, the court would have been justified in refusing to permit the witnesses to give an opinion, but our examination has not disclosed an abuse of discretion of the court in this direction.   If, however, there was any slight error of this nature it was cured by that part of the charge of the learned trial judge in which it is said: "These opinions (of the witnesses as to mental capacity) are of little weight standing alone, and they are only to be con-

sidered in connection with the testimony showing the ability of the witness to form a correct opinion upon that subject. If it appears that a witness has been thrown into the company of William Roche very frequently about that time—had business transactions with him, saw him, conversed with him—so that his opportunities for judging of the condition of the mind of William Roche were very good, then his opinion upon that subject would be entitled to weight, according to the opportunities which he appeared to have for judging the mental capacity of William Roche. But where it appears that a witness has had but little opportunity, sees him occasionally, perhaps meets him upon the street, or has a single business transaction with him, then the opinion of that witness upon that subject would be entitled to but little weight; and we speak of this particularly, gentlemen, because there has been much opinion testimony given here. The facts stated by the witnesses are, primarily and principally, the evidence upon which the jury should rely upon determining the issue here." The orphans' court and the court of common pleas on two occasions have determined that there was sufficient evidence of the testator's mental incapacity to submit to a jury and we are not convinced after a consideration of the testimony produced at the trial, that they have been convicted of error.

The learned trial judge might very properly have instructed the jury that the evidence was insufficient to justify a verdict in favor of the contestants on the issue of undue influence, alleged to have been exercised by John F. Roche over his father. We very much doubt the sufficiency of the testimony to sustain the verdict upon that issue and are inclined to think that the question of undue influence should not have been submitted to the jury. But the mental incapacity of the testator having been established, it avoided the will, and therefore the question of undue influence becomes immaterial.

We fail to discover any reversible error in the matters complained of in the many assignments alleging error in the admission and rejection of testimony and in the answer to points for charge. The discussion and consideration of each of these assignments we do not deem necessary. After a careful consideration, we are satisfied that the plaintiff was not injured by the rulings of the learned trial judge on the questions raised by those assignments.

The charge of the court below on the law was full and accurate and amply covered all the legal questions in the case. Any inadvertent and harmless error that may have been made in the lengthy and hotly contested trial was cured by what was said by the learned trial judge in submitting the case to the jury.

The assignments of error are overruled and the judgment is affirmed.